Russell Greer
6337 South Highland Dr.
#209
Holladay, Utah 84121
801-895-3501
russmark@gmail.com
Pro Se Litigant

FILED

2020 JUN 18 PM 1:17

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

# IN THE UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

| | |
|---|---|
| **RUSSELL G. GREER,**<br><br>Plaintiff<br><br>v.<br><br>**TAYLOR A. SWIFT,**<br><br>Defendant | **PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT**<br><br>Case No.:     3:20-cv-00436<br><br>Presiding Judge: Aleta A. Trauger |

1

## INTRODUCTION

Pursuant to *Federal Rule of Civil Procedure 15(a)(1)(A)*, Plaintiff Russell Greer respectfully requests leave of Court to file a Second Amended Complaint, a copy of which is attached hereto. EXHIBIT A. Greer seeks to amend his Complaint to add clarity to the facts of his Complaint and to amend his negligent misrepresentation argument.

## FACTS

1. Greer filed his original Complaint on May 21st, 2020 against Defendant Taylor Swift.

2. A First Amended Complaint was filed on June 1st, 2020. Attached to the First Amended Complaint was a Motion to Correct Clerical Mistake. The First Amended Complaint was filed to add additional claims (negligence and negligent misrepresentation) and to make it clear that he was not arguing a contract case, as the Docket Clerk wrongly assigned it as.

3. It was Greer's understanding that he did not to be granted leave to file a first amended complaint within 21 days of the original complaint's filing, per advice from legal websites.

4. Once again, the Docket Clerk belittled Greer and wouldn't file the First Amended Complaint without approval from the Court and combined his Motion to Correct with his First Amended Complaint.

5. Greer seeks to file a Second Amended Complaint to add clarity to his arguments and to the facts.

## ARGUMENT

6. Greer now seeks leave of Court to file a Second Amended Complaint (attached as Exhibit A). "*Rule 15(a)* directs that leave to amend shall be freely given when justice so requires.' This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). "In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

2

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. — the leave sought should, as the rules require, be "freely given." *Leary v. Daeschner*, 349 F.3d 888 (6th Cir. 2003).

7. Further, Greer is preparing to properly serve Swift's counsel and so amending this Complaint a second time would not be prejudicial to Defendant because she has not yet been served and no deadlines are approaching that would cause undue delay.

8. This Second Amended Complaint would add clarity to help the Court with this case.

### THE SECOND AMENDED COMPLAINT

9. Greer wishes to lay out and use bold font to the paragraphs he wishes to add into the Second Amended Complaint.

**Paragraph 1:**

In paragraph 1, Greer has added that recent reputational damages have given rise to this Complaint as well as his previously stated PTSD diagnosis. Per 6th Circuit precedent, reputational damages caused by third parties can still be found against a Defendant if "the cause of the plaintiff's asserted injury may be indirect so long as the complaint indicates that the injury is indeed fairly traceable to the defendant's acts or omissions." *Lambert v. Hartman*, 517 F.3d 433 (6th Cir. 2008).

**Paragraphs 33-35:**

In paragraphs 33-35, Greer explains why he went to the news even after Swift purportedly knew about him, per her lawyer's motion. This amendment would clarify his mindset and his actions. It further shows that he continued to rely on her represented public character and that is why he went to the news.

**Paragraphs 116-122:**

In paragraphs 116-122, Greer clarifies his negligent misrepresentation claim. He realizes that in his First Amended Complaint, when he added the claim, he didn't add or briefly argue all of

3

the elements of a negligent misrepresentation claim. For example, he clarifies that Swift's misrepresentations consisted of positive assertions containing half-truths, thus satisfying the falsity element. Further, he adds in that his reaching out to her was not just to flatter her, but also it was a gift meant to hopefully get him into the entertainment industry or have some favorable result happen for his music career. Lastly, he adds documentation of a song Swift wrote that admits she misrepresented her words and character.

## CONCLUSION

For all these reasons, Plaintiff respectfully requests that the Court grant leave to file the attached Second Amended Complaint.

Respectfully submitted,

DATED: June 12th, 2020

                                        Russell Greer
                                        Pro Se Litigant
                                        /rgreer/