Russell Greer
7901 South 3200 West
P.O. Box 152
West Jordan, Utah 84088
801-895-3501
russmark@gmail.com
Pro Se Litigant

FILED

2020 AUG 19 PM 12: 17

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

# IN THE UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

| | |
|---|---|
| **RUSSELL G. GREER,**<br><br>Plaintiff<br><br>v.<br><br>**TAYLOR A. SWIFT,**<br><br>Defendant | **PLAINTIFF'S MOTION FOR EXTENSION OF TIME and MOTION FOR ALTERNATIVE SERVICE**<br><br>Case No.:  3:20-cv-00436<br><br>Presiding Judge: Aleta A. Trauger |

## INTRODUCTION

Pursuant to *Federal Rules of Civil Procedure 6(b)*, Plaintiff Russell Greer respectfully requests that he is given an extension of time to serve Defendant and for alternative service to be made.

## FACTS

1. Greer filed his original Complaint on May 21st, 2020 against Defendant Taylor Swift.
2. An Amended Complaint was allowed to be filed by the Court on June 26th.
3. On June 25th, a process server in Washington D.C. served Swift's long-time lawyer, J. Douglas Baldridge of the Venable law firm. Greer relied on the "implied authority to accept service" doctrine for Baldridge to accept service. Baldridge has accepted service on Swift's behalf in at least 7 past lawsuits, thus implying authority to accept service.
4. On June 26th, Baldridge emailed Greer and told Greer that service was not valid, nor would Baldridge accept service, and that Plaintiff would have to serve Swift personally. EXHIBIT A.
5. On July 6th, the affidavit was filed with the Court.
6. Plaintiff waited to see if Baldridge would file an appearance and change his mind about what he told Greer in the email.
7. Greer decided that he would attempt to serve Swift by certified mail, per *Rule 4.04(10)*.
8. Greer sent the complaint and summons via certified mail with a return receipt requested on July 27th.
9. On July 31st, a delivery exception occurred. The mail couldn't be delivered.
10. On August 1st, Greer was notified through notification that the delivery location could not be accessed. EXHIBIT B. The green return receipt was returned unsigned.
11. Swift's home has a gate, and from Google Maps, it appears there's no call box or any guard post for a mail person to deliver the mail to.

12. With the clock running out on his deadline to serve Swift, Plaintiff now requests for an extension of time to be given and for alternative service to be made.

## ARGUMENT

### A. FINDING SWIFT WOULD BE IMPOSSIBLE

13. As this Court is aware, Defendant Swift is very famous and very rich and thus has many lavish homes. Her homes are in California, Rhode Island, New York City and two are within this court's jurisdiction. Because she has many homes, Swift could be at any home, at any given moment, and Plaintiff frankly doesn't have the resources to have somebody surveillance her. Simply put: Greer has a better chance at winning the lottery than he does at personally serving her.

14. However, it is verifiable that Swift considers her main home to be in Tennessee. *Taylor Swift Endorses Democratic Candidates In Tennessee.* NPR. (2018). (https://www.npr.org/2018/10/08/655599374/taylor-swift-endorses-democratic-candidates-in-tennessee). (Swift says that she would be voting in the 2018 mid-term elections in Tennessee, which establishes residency).

### B. MOTION FOR ALTERNATIVE SERVICE

15. Considering that Swift is hard to locate, but knowing that her main residence is in this Court's jurisdiction, and that Greer has made a few attempts at serving her, a motion is made for alternative service.

16. Alternative service can be made when the Defendant isn't physically traceable to be personally served. *Halawani v. Wolfengarger,* 2008 WL 5188813 (E.D. Mich. Dec. 10, 2008)

17. Courts within this 6th Circuit have found that alternative service can be made by posting notice of lawsuit to front door. *Franklin v. State Farm Fire & Casulaty Co.*, 2009 WL 3152993 (E.D. Mich. Sept. 30, 2009).

18. With that established, Plaintiff proposes the following for alternative service.

3

### C. PROPOSED METHOD OF ALTERNATIVE SERVICE

### 1. Forest Hills Home

19. Since Swift has two homes within this jurisdiction, Greer asks for the Court to allow a processor server to place a notice of lawsuit to the front gate of Swift's home at:

2201 Harding Place
Forest Hills, TN 37215

20. Greer then would have the process server leave the Complaint at the gate.

21. Swift's Forest Hills home was the home Greer tried delivering certified mail to.

22. Greer has verifiable information that that home is indeed Swift's. She purchased it in 2011 and still owns the home. EXHIBIT C.

### 2. Adelicia Downtown Nashville Condo

23. To ensure that Swift receives as much notice as possible about the lawsuit, Greer requests for alternative service to also be made at Swift's swanky, downtown Nashville Condo, located at:

900 20th Ave South
#1710
Nashville, TN 37215

24. Greer requests that certified mail be sent here and that the front desk be allowed to sign for it. Greer has verified that Swift lives here. EXHIBIT D.

25. Additionally, Greer also requests that a process server attempt to personally serve Swift at this address and that the server be allowed to invoke *Tennessee Code 39-16-602( c)*, which forbids the halting of service of process.

26. With invoking that law, the process server would be allowed to go up to the floor of her home. Greer requests that the process server be allowed to serve a security guard stationed on her floor, which aligns with *Tennessee Rules of Civil Procedure 4.4(1)*. Said Rule allows for an adult residing at the residence to accept service. A security guard would be an adult.

27. If a security guard is not there or if a security guard would not adequately be considered an adult at the residence, per the Rule, Greer requests that the process server be allowed to place notice on the door to the floor and leave a copy of the Complaint by the door.

28. If the process server cannot gain entry to the floor, it is requested that the process server be allowed to serve the front desk.

## D. EXTENSION OF TIME

29. Greer's time limit to serve Swift will run out on August 18th. Greer therefore requests a 60 day extension, with a deadline of October 18th to complete the aforementioned requested alternative service.

## CONCLUSION

30. Greer asks that these three options for alternative service be allowed. Given the high profile status of Swift, it's impossible to personally serve her. However, these three options would fall under non-physical personal service, which is allowed by this Circuit, and would still count as personal service upon her. *United States v. Kernell,* (E.D. Tennessee 2010).

Respectfully submitted,

DATED: August 13th, 2020

Russell Greer
Pro Se Litigant
/rgreer/