UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RUSSELL GREER,<br><br>    Plaintiff,<br><br>v.<br><br>TAYLOR A. SWIFT,<br><br>    Defendant. | Case No. 3:20-cv-00436<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

To:   The Honorable Aleta A. Trauger, District Judge

### REPORT AND RECOMMENDATION

Before the Court in this personal-injury action brought under the Court's diversity jurisdiction is pro se Plaintiff Russell Greer's motion to extend the time for service of process under Federal Rule of Civil Procedure 4(m) and to permit alternative service. (Doc. No. 12.) For the reasons that follow, the Magistrate Judge will recommend that the Court deny Greer's motion and dismiss this action without prejudice under Rule 4(m).

**I.     Relevant Background**

Greer initiated this action on May 21, 2020, by filing a complaint alleging claims arising under state tort law against Defendant Taylor A. Swift. (Doc. No. 1.) The Court issued a summons addressed to Swift on the same day. (Doc. No. 2.) On June 22, 2020, the Court informed Greer that he "is responsible for effecting service of process on the defendant" and warned him that "[f]ailure to do so could result in dismissal of this action." (Doc. No. 8.) The Court also found that "[t]his case is related to [Greer's] previous case. *See Greer v. Swift*, No. 3:18-cv-00394." (*Id.*) Greer filed an amended complaint on June 26, 2020. (Doc. No. 10.)

On July 6, 2020, Greer filed an affidavit stating that, on June 24, 2020, the "[o]perations [c]oordinator" at Venable LLP in Washington, D.C., accepted service of the summons and the amended complaint on behalf of attorney Douglas Baldridge. (Doc. No. 11, PageID# 334.) On August 19, 2020, Greer filed a motion to extend the time for service under Rule 4(m) and to permit alternative service. (Doc. No. 12.) Greer states that Baldridge, whom he asserts is "Swift's long-time lawyer," "emailed [him] and told [him] that service was not valid, nor would Baldridge accept service, and that [he] would have to serve Swift personally." (*Id.* at PageID# 338, ¶¶ 3, 4.) Greer states that he then "sent the complaint and summons via certified mail with a return receipt requested" to "Swift's home" in Forest Hills, Tennessee, but "a delivery exception occurred" and "[t]he mail couldn't be delivered" because "the delivery location could not be accessed." (*Id.* at PageID# 338, ¶¶ 8–11.) Greer asks for sixty additional days to complete service and for the Court to authorize him to serve Swift by "plac[ing] a notice of lawsuit [on] the front gate of Swift's home" and "leav[ing] the Complaint at the gate" of that home. (*Id.* at PageID# 340, ¶¶ 19, 20.) Greer also proposes attempting service at Swift's Nashville condominium residence by certified mail signed for by the building's front desk attendant; handing the complaint and summons to "a security guard stationed on her floor[;]" "plac[ing] notice on the door to the floor and leav[ing] a copy of the Complaint by the door[;]" or "serv[ing] the front desk." (*Id.* at PageID# 340–41, ¶¶ 26–28.) Swift has not appeared in this action and has not opposed Greer's motion.

**II.     Legal Standard**

"[T]he requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of

2

process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment (explaining that Rule 4(m) "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service . . . and authorizes the court to [grant relief] . . . even if there is no good cause shown"); *see also Henderson v. United States*, 517 U.S. 654, 662–63 (1996); *DeVane v. Hannah*, No. 3:11-cv-00389, 2011 WL 5916433, at *2 (M.D. Tenn. Nov. 28, 2011). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). In light of this plain language, it is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own initiative with notice to the plaintiff." *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002); *see also Friedman*, 929 F.2d at 1155 n.4 (noting that "the issue of ineffective service of process may be raised sua sponte").

3

### III. Analysis

This action has been pending for over 200 days without service of process on Swift. The Court informed Greer at the outset of the litigation that he is responsible for serving process on Swift in accordance with the Federal Rules of Civil Procedure. (Doc. No. 8.) The Court takes judicial notice of the fact that Greer's related action against Swift was dismissed for Greer's failure to effect service even after the Court twice extended the service deadline in that case. *See* Report and Recommendation, *Greer v. Swift*, No. 18-cv-00394 (M.D. Tenn. Feb. 12, 2019), ECF No. 22; Order, *Greer v. Swift*, No. 18-cv-00394 (M.D. Tenn. Mar. 5, 2019), ECF No. 23. One of Greer's unsuccessful service attempts in that case was made on a different attorney at Baldrige's firm; counsel for Swift made a limited appearance to argue that service was not valid and represented to the Court and to Greer that "Venable LLP, . . . is not authorized to accept service on behalf of [Swift]." Opposition to Motion for Final Default Judgment at PageID# 132, ¶ 2, *Greer v. Swift*, No. 18-cv-00394 (M.D. Tenn. Sept. 14, 2018), ECF No. 11. The Court therefore cannot characterize Greer's attempt to serve the same law firm with a complaint and summons for Swift in this action as a good-faith service attempt. Greer's only other service attempt in this action was to send the complaint and summons via certified mail to Swift's Forest Hills property. The Court therefore finds that Greer has not shown good cause to extend the service deadline for sixty days, as he requests.

Even if the Court were to exercise its discretion to extend the service period, none of the methods of service Greer proposes would satisfy Rule 4. Greer asserts that "it's impossible to personally serve [Swift]" "[g]iven [her] high profile status" and asks the Court to authorize one of several proposed alternative methods of service. (Doc. No. 12, PageID# 341, ¶ 30.) Rule 4(e) governs service of process on competent individuals within the United States. Fed. R. Civ. P. 4(e).

It provides two avenues for accomplishing service. First, under Rule 4(e)(2), service may be made by:

> **(A)** delivering a copy of the summons and of the complaint to the individual personally;
> **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2)(A)–(C). Alternatively, under Rule 4(e)(1), service may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1).

Greer has not shown that any of the "alternative" methods of service he proposes complies with Rule 4(e)(2)'s established avenues for effecting service. Nor has he shown that these methods are authorized by Tennessee law, the state where this Court is located and where he proposes to serve Swift. It is well established that Tennessee does not permit service on an individual by taping a copy of the summons and complaint to the individual's front door. *See Toler v. City of Cookeville*, 952 S.W.2d 831, 834 (Tenn. Ct. App. 1997). Greer has not shown that taping a notice of this action to Swift's front gate or the door to the building floor of her condo and leaving a copy of the complaint at either location would comply with Tennessee law. While Tennessee Rule of Civil Procedure 4.04(10) allows for service by certified or registered mail in certain circumstances, it requires "(a) a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute; or (b) a return receipt stating that the addressee or the addressee's agent refused to accept delivery, which is deemed to be personal acceptance by the defendant pursuant to Rule 4.04(11)." Tenn. R. Civ. P. 4.04(10). Greer has not shown that the front desk at Swift's Nashville condo is authorized to accept service on her behalf or acts as her agent. Finally, Greer argues that Tennessee Rule of Civil Procedure 4.04(1) authorizes him to personally

5

serve a security guard or the front desk at Swift's Nashville condo (Doc. No. 12), but that rule requires "delivering a copy of the summons and of the complaint to the individual personally," unless "he or she evades or attempts to evade service," in which case service may be accomplished "by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein[.]" Tenn. R. Civ. P. 4.04(1). Greer has not shown that Swift is evading or attempting to evade service in this action. The record shows that Greer's two service attempts failed because he tried to serve a law firm he knew from previous experience was not authorized to accept service on Swift's behalf and because the U.S. Postal service was not able to deliver the certified mail Greer sent to Swift's Forest Hills property. (Doc. Nos. 11, 12-1.)

Accordingly, because Greer has not shown good cause to extend the service deadline and has not served Swift in compliance with Rule 4 despite notice that failure may result in dismissal, his motion for an extension should be denied and dismissal without prejudice under Rule 4(m) is appropriate.

## IV. Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that Greer's motion for an extension and for alternative service (Doc. No. 12) be DENIED and that this action be DISMISSED WITHOUT PREJUDICE under Rule 4(m).

It is so ORDERED.

ALISTAIR E. NEWBERN
United States Magistrate Judge